IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| BILLY DEAN GASTINEAU,<br><br>    Plaintiffs,<br><br>v.<br><br>JOHNSTON COUNTY SHERIFF'S DEPARTMENT, and<br>LAURA CORBIN, Judge<br><br>    Defendant. | Case No.21-CIV-378-RAW |

**OPINION AND ORDER**

Before the court are the Plaintiff's Complaint [Docket No. 2] and Plaintiffs' Motion for Leave to Proceed *In Forma Pauperis* & Supporting Affidavit [Docket No. 4].

Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* indicates that he is unemployed and unmarried. He owns no real property, owns no vehicle and has no income. He states that he is currently homeless. Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* is GRANTED.

Plaintiff is proceeding *pro se* in this matter. The court construes liberally the pleadings of all *pro se* litigants. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

**Complaint**

Plaintiff filed his Complaint against the Defendants, stating the background of the case as follows:

> Multiple 4th Amendment violations. Mostly Laura Corbin is mad because

my Daddy can't sell her meth anymore.

Plaintiff alleges in his Complaint "My attorney Eddie Forraker is on vacation. There is a paper trail that will be like tracking an elephant in a snowmobile. I'm waiting on my medical records from Chickasaw Nation". Plaintiff, however, cites no specific allegations nor requests any discernible relief from the court. The essence of Plaintiff's claim seems to revolve around certain unstated purported violations occurring while in the court system and/or in custody in Johnston County.

In the Complaint, Plaintiff makes statements and personal attacks, but sets forth no arguable claim, nor set of facts which would constitute a claim in law or fact, against the Defendants. The relief sought by Plaintiff is stated as follows: "All the money I could have made as a metal fabricator at Ted's Fabrication."

## 28 U.S.C. § 1915

Plaintiff's arguments are quite similar to what the Tenth Circuit has rejected as "hackneyed tax protester refrain." *United States v. Chisum*, 502 F.3d 1237, (10th Cir. 2007). Further, Plaintiff's arguments are "completely lacking in legal merit and patently frivolous." *Lonsdale v. United States*, 919 F.2d 1440, 1448 (10th Cir. 1990).

The court reviews the filings presented by Plaintiff pursuant to Section 1915 of the United States Code, Title 28, which states as follows:

> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that–
> **(A)** the allegation of poverty is untrue; or
> **(B)** the action or appeal—
> **(i)** is frivolous or malicious;
> **(ii)** fails to state a claim on which relief may be granted; or

> **(iii)** seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C.A. § 1915(e)(2).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." Further, the term frivolous "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff is not required to make out a perfect case in their complaint. Rather, "It suffices for him to state claims that are rationally related to the existing law and the credible factual allegations." *Lemmons v. Law Firm of Morris and Morris*, 39 F.3d 264 (10th Cir. 1994).

### *Sua Sponte* Dismissal

"*Sua sponte* dismissals are generally disfavored by the courts." *Banks v. Vio Software*, 275 Fed.Appx. 800 (10th Circ. 2008). A court shall dismiss a case at any time, however, if the court determines that the action fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii).

Indeed, the Tenth Circuit Court of Appeals has stated that a district court is <u>required</u> to dismiss an IFP claim that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *Trujillo v. Williams*, 465 F.3d 1210, 1216 n.5 (10th Cir. 2006).

The court may *sua sponte* dismiss an action pursuant to § 1915 when "on the face of the complaint it clearly appears that the action is frivolous or malicious." *Hall v. Bellmon*, 935 F.2d 1106, 1108 (10th Cir. 1991). "The term 'frivolous' refers to 'the

inarguable legal conclusion' and 'the fanciful factual allegation.'" *Id*. (citation omitted). Further, a "trial court may dismiss a claim *sua sponte* without notice where the claimant cannot possibly win relief." *McKinney v. State of Oklahoma*, 925 F.2d 363, 364 (10th Cir. 1991).

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint "must contain: (1) a short and plain statement of the grounds for the court's jurisdiction. . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought . . . ." Fed. R. Civ. P. 8(a). To be sufficient, the statement must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Although *pro se* pleadings are held to a less stringent standard than ones drafted by lawyers, a *pro se* litigant must "'follow the same rules of procedure that govern other litigants.'" *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994)).

## Conclusion

In this case, the bare statements of indistinguishable claims and personal attacks employed by Plaintiff in expressing his allegations, leave the court attempting to sort out what he is asserting and against whom. The allegations listed in the complaint do not create a claim upon which this lawsuit can proceed.

IT IS THEREFORE ORDERED as follows:

1. Plaintiff's Motion for Leave to Proceed *in forma pauperis* is GRANTED.

2. Plaintiff's action is found to be frivolous and fails to state a claim upon which relief can be granted and the matter is therefore dismissed without prejudice.

Dated this 5th day of January, 2022.

_____
**HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**